**Allison HILL, Appellant,**

v.

**Deborah BLOOM, Appellee.**

No. S–13338.

Supreme Court of Alaska.

July 9, 2010.

41. Alaska R. Evid. 703.

42. *Jeff A.C., Jr. v. State,* 117 P.3d 697, 707 (Alaska 2005); *In re Adoption of Bernard A.,* 77 P.3d 4, 8 (Alaska 2003).

Herbert A. Viergutz, Barokas Martin & Tomlinson, Anchorage, for Appellant.

R. Scott Taylor, Feldman Orlansky & Sanders, Anchorage, for Appellee.

Before: FABE, WINFREE, and STOWERS, Justices.

*OPINION*

STOWERS, Justice.

## I. INTRODUCTION

On February 20, 2008, following an evidentiary hearing, the superior court calculated the future child support obligations that Allison Hill owed to Deborah Bloom. The court used a five-year average of Hill's income from 2002 to 2006 to calculate child support for 2008 forward. The court rejected Hill's argument that her substantially reduced 2007 income should be the basis of her future child support obligations and expressly found her reduced 2007 income to be an "aberration." Hill did not appeal the court's child support order.

Five months after the February 2008 evidentiary hearing, Hill filed a motion to modify child support, arguing that her reduced income for the first half of 2008 was a presumed material change in circumstances under Alaska Civil Rule 90.3(h)(1). The superior court denied Hill's motion without an evidentiary hearing, finding no new evidence

or changed circumstances. Hill appeals the superior court's finding that there was no new evidence presented and its denial of her motion to modify. We conclude that the superior court did not clearly err by finding that Hill had presented no new evidence. We also conclude that the superior court did not err in denying Hill's motion without an evidentiary hearing because she had not presented sufficient evidence of permanently reduced income to show a material change in circumstances. We therefore affirm the superior court's denial of the motion to modify.

## II. FACTS AND PROCEEDINGS

Allison Hill and Deborah Bloom lived together as domestic partners from February 1995 until September 2005. Two children were born to and adopted by the parties during their partnership. Hill, a chiropractor, was the sole owner of The Hill Clinic. The majority of the parties' financial issues from their separation were settled in mediation on May 15, 2007. As part of the settlement, both parties agreed to establish future child support under Alaska Civil Rule 90.3.

Shortly after the mediation, both parties filed affidavits for calculation of child support under Rule 90.3. "Due to differences in the calculations of the parties," Hill filed a request for an evidentiary hearing specifically in order to "testify as to the decline of her business."

On February 20, 2008, the superior court held an evidentiary hearing on child support. At the hearing, Hill entered into evidence a report on her income prepared by her accountant. As the sole owner of The Hill Clinic, Hill received all the net income from the clinic in addition to a salary of approximately $36,000 a year. The report showed that there were differences in the year-to-year net income from the clinic. Specifically, the clinic experienced a large drop in net income from 2006 ($106,148) to 2007 ($42,-645). Hill testified that her relocation of The Hill Clinic and the clinic's loss of some massage therapists and another chiropractor caused her drop in income in 2007. Hill also testified that although The Hill Clinic had previously hired independent contractors, the

results of a December 2007 Department of Labor audit would prevent the clinic from hiring independent contractors after March 25, 2008. She testified that it took her "years" to build her business up to where it was before the audit and that the Department of Labor audit made it impossible for her to "increase [her] income back to what it was."

At the conclusion of the hearing, the superior court calculated Hill's child support obligation. The court declined to use Hill's 2007 income to calculate her ongoing child support obligation because it found 2007 to be an "aberration." The court stated that Hill's 2007 income was low because "she had to move her clinic, but she has a long-established history going back ten years of managing a chiropractic clinic on an ongoing basis." The court averaged Hill's income from 2002 to 2006 and estimated her adjusted annual income to be $94,017. It set her ongoing child support payment at $888.50 monthly.

On July 16, 2008, five months after the evidentiary hearing, Hill filed a motion to modify child support. Hill supported her motion with a sworn affidavit stating that her net income for the first six months of 2008 was $15,877. Hill argued that her net income for all of 2008 would be approximately $31,754, substantially less than the five-year average estimated by the court. Hill asserted that her "decreased income was explained at the [h]earing," and that the drop in her 2008 income was due to a May 2008 Department of Labor ruling affirming the December 2007 audit, the clinic's change in location, and the clinic's loss of practitioners.

On October 14, 2008, the superior court denied Hill's motion to modify without an evidentiary hearing. In its order, the court stated that "[u]pon review, this court finds no change [in] circumstances or new evidence.

The same arguments were considered and ruled on by this court in setting the present child support."

This appeal follows.

## III. DISCUSSION

 Alaska law allows for the modification of child support orders upon a showing of a material change in circumstances.[1] This rule "provides an exception to the general principle that final judgments should not be disturbed."[2] However, "[t]he change ordinarily must be more or less permanent rather than temporary."[3]

A material change in circumstances is presumed if a parent's child support obligation calculated under Rule 90.3 using her present income is greater than fifteen percent more or less than her existing support obligation.[4] We have held that "because Rule 90.3(h)(2) provides that child support arrearages may not be modified retroactively, it [is] incumbent upon [the parties] to 'promptly apply for a modification of child support when the material change in circumstances occur[s].'"[5]

We have never drawn a bright line establishing a minimum period of time that a party must wait after child support has been calculated by a trial court before that party may file a motion to modify support based upon an alleged material change in circumstances. In this case, where the superior court calculated child support based on a multi-year averaging of income, and where the support obligor sought to modify support after only five months, relying on essentially the same evidence and arguments previously provided to the court, we hold that the court did not err in denying the motion without conducting another evidentiary hearing.

---

1. Alaska R. Civ. P. 90.3(h)(1) states:
 A final child support award may be modified upon a showing of a material change of circumstances as provided by state law. A material change of circumstances will be presumed if support as calculated under this rule is more than 15 percent greater or less than the outstanding support order.

2. *Bunn v. House,* 934 P.2d 753, 757 (Alaska 1997).

3. *Patch v. Patch,* 760 P.2d 526, 529 (Alaska 1988) (quoting *Curley v. Curley,* 588 P.2d 289, 291 (Alaska 1979)).

4. Alaska R. Civ. P. 90.3(h)(1).

5. *Flannery v. Flannery,* 950 P.2d 126, 133 (Alaska 1997) (citing Alaska R. Civ. P. 90.3, Commentary X) (internal alterations omitted).

## A. Standard Of Review

 We review de novo "[w]hether a moving party has made a prima facie showing sufficient to justify a custody or child support modification hearing."[6] We "will affirm a denial of a modification motion without a hearing if, in our independent judgment, the facts alleged, even if proved, cannot warrant modification, or if the allegations are so general or conclusory ... as to create no genuine issue of material fact requiring a hearing."[7] Under Alaska Civil Rule 52(a), "[f]indings of fact shall not be set aside unless clearly erroneous."

## B. The Superior Court Did Not Err In Finding That Hill Had Presented No New Evidence.

Hill argues that the superior court erred in finding that she presented no new evidence in support of her July 2008 motion to modify child support. Bloom argues that Hill did not present new evidence to support a change in the circumstances on which the original child support order was based.

 The record shows that in addition to her express reliance on the evidence she adduced at the February 2008 evidentiary hearing, Hill produced evidence in support of her July 2008 motion to modify that her net income for January through June 2008 was $15,877. Her motion also included hearsay business summaries that showed that her gross income from the first half of 2008 was $19,874. This evidence of Hill's actual income for January through June 2008 was not presented to the superior court in the February 2008 hearing, so in that sense it was new evidence, but it was entirely consistent with the evidence and arguments that Hill did present to the court at the hearing.

 At the February 2008 hearing Hill presented evidence and argued that her decreased 2007 income was due to: (1) the clinic's loss of massage therapists and another chiropractor and (2) the clinic's relocation. She also testified that a December 2007 Department of Labor audit would prevent her from hiring independent contractors in the future. In her memorandum in support of her motion to modify, Hill argued that her decreased 2008 income was due to: (1) many of her practitioners having left the clinic; (2) the relocation of her office; and (3) the actions of the Department of Labor. On appeal, Hill acknowledges that the reasons for her reduced income had been previously presented to the superior court to explain her 2007 income.[8] Hill's new evidence of her 2008 income was, at best, additional evidence bolstering her previously adduced evidence and arguments.

 In February 2008 the court considered all of the evidence that Hill presented in support of her argument that her future income was likely to be consistent with her reduced 2007 income, but determined that her 2007 income was an aberration after looking at her history of success with her chiropractic practice. Hill did not appeal the court's February 2008 order. Given the relatively brief passage of time between the February 2008 evidentiary hearing and the July 2008 motion to modify, and given that the evidence presented in support of the motion to modify was essentially the same as the evidence presented in the evidentiary hearing, we cannot say that the court clearly erred in concluding that Hill had presented no new evidence for the purpose of considering her motion to modify child support.[9]

6. *Harrington v. Jordan*, 984 P.2d 1, 3 (Alaska 1999) (quoting *Morino v. Swayman*, 970 P.2d 426, 428 (Alaska 1999)) (footnote omitted).

7. *Id.* (footnotes and internal quotations omitted).

8. Hill argues on appeal that a May 2008 final ruling by the Department of Labor preventing the clinic from hiring independent contractors was new evidence supporting a material change in circumstances. But the May 2008 ruling was not mentioned in the motion to modify until Hill's reply to the opposition to the motion to modify. "The function of a reply memorandum is to respond to the opposition to the primary motion, not to raise new issues or arguments." *Demmert v. Kootznoowoo, Inc.*, 960 P.2d 606, 611 (Alaska 1998). Hill also failed to present the May 2008 final ruling to the superior court, and thus it is not properly part of the appellate record. *See State, Dep't of Natural Res. v. Transamerica Premier Ins. Co.*, 856 P.2d 766, 776 (Alaska 1993). We therefore do not consider it.

9. A parent's obligation to provide new facts on a motion to modify is especially important because a motion to modify that alleges no new facts

## C. The Superior Court Did Not Err By Denying Hill's Motion To Modify Without An Evidentiary Hearing.

Even if we agreed with Hill that the superior court erred in determining that she had presented no new evidence supporting her motion to modify child support, the evidence of Hill's actual income for the first half of 2008 did not make a prima facie showing for modification of child support given the relatively short amount of time that passed between the evidentiary hearing and the motion to modify. Hill argues that she fulfilled the requirements for a presumptive material change in circumstances under Alaska Civil Rule 90.3(h)(1) by introducing evidence that her 2008 income would reduce her child support obligation by more than fifteen percent. She argues that her 2008 income was a continuation of her reduced income in 2007 and implicitly argues that her 2008 income shows that 2007 was not an "aberration." Bloom argues that the superior court did not err in denying Hill's motion because the motion relied on the same evidence and testimony presented to the superior court during the February 2008 child support hearing.

The evidence that Hill presented supporting her motion to modify support included documents showing that her gross income for the first half of 2008 was $19,874. Hill argued in her July 2008 motion that her projected 2008 income would be far below the income figures projected by the court in February 2008, thus meeting Civil Rule 90.3(h)(1)'s fifteen-percent threshold for a presumptive material change in circumstances.

Because even a large drop in income is not a material change in circumstances if it is temporary,[10] parents must also provide some evidence that the drop in income is permanent. For example, a parent could not file a motion to modify child support one day after losing her job and prevail because one day of unemployment is clearly insufficient evidence to show that her drop of income was permanent.

Evidence that a drop in income is permanent is especially important in cases such as this one, where the trial court has only recently conducted an evidentiary hearing and calculated child support based on a careful retrospective multi-year income average approach. It is also a consideration where an obligor parent owns a business. Businesses, and especially small businesses, often experience income fluctuations seasonally or from month to month. Evidence that a business has experienced reduced income for several months may not, without more, be sufficient to show that the drop is permanent.

The determination of when a change in income ceases to be temporary and becomes permanent is an exercise in drawing a line. There is no bright line test for making this determination, and each case must be evaluated individually. Hill acknowledges that the reasons for her reduced 2008 income had been previously presented to the superior court to explain her reduced 2007 income. The superior court had only recently heard Hill's evidence and arguments explaining why her income had dropped in 2007, and the court found that this decrease was aberrational and, by implication, not permanent. When the superior court denied Hill's motion to modify and explained that it found no change in circumstances, the court necessarily had to find that Hill had not made a prima facie showing sufficient to justify conducting another child support evidentiary hearing. Given the relatively short time between the date of the hearing and the date of the motion to modify, in our de novo review of the record we cannot conclude that the superior court erred in denying the motion to modify without conducting a hearing because we agree that Hill's evidence did not make a prima facie showing that her reduction in income was permanent.[11]

could serve to circumvent the requirement of a timely appeal. *Cf. Cline v. Cline*, 90 P.3d 147 (Alaska 2004) (Civil Rule 60(b) may not be used as a substitute for a timely appeal).

**10.** *Patch v. Patch*, 760 P.2d 526, 529–30 (Alaska 1988) (affirming lower court's denial of modifica-

tion because father's eighty-percent decrease in income was temporary).

**11.** In her affidavit submitted in support of her motion to modify, Hill also testified that she was diagnosed with adrenal adenoma and alleged that Bloom had quit her job and was self-em-

### D. Hill's Other Arguments Are Waived Or Without Merit.

Hill also alleges that the superior court erred by failing to force Bloom to produce additional income information at the February hearing, by using a five-year average of income to calculate Hill's future income at the February hearing, and by failing to issue specific findings of fact in denying the motion to modify. None of Hill's arguments have merit. She has waived any arguments alleging error at the February hearing by failing to file a timely appeal.[12] The superior court's order on the motion to modify contained findings adequate for appellate review.[13]

## IV. CONCLUSION

For the preceding reasons, we AFFIRM the superior court's denial of Hill's motion to modify child support.

CARPENETI, Chief Justice, and CHRISTEN, Justice, not participating.

---

ployed. These facts do not establish a material change in circumstances. Hill stated that she did not know the costs and recovery time of the surgery required for her adrenal adenoma. Without more information, Hill's medical condition does not cross the evidentiary threshold to require an evidentiary hearing. Hill also did not supply the superior court with information on Bloom's self-employed income. Hill's bare assertion that Bloom was self-employed is insufficient to warrant an evidentiary hearing.

12. Appellate Rule 204(a) requires appeals to be filed within thirty days of judgment. The superior court issued its order setting Hill's child support obligation on February 21, 2008. Hill did not file this appeal until after the July 2008 hearing, well outside of the thirty-day window. *See, e.g., Wagner v. Wagner,* 205 P.3d 306, 310 (Alaska 2009).

13. *See Keating v. Traynor,* 833 P.2d 695, 696 (Alaska 1992) ("The trial court has a duty to make findings of fact sufficient to provide this court with a clear understanding of the basis of the award.").