CARNEY, Justice.
I. INTRODUCTION
A father appeals the superior court's denial of his motion to modify child support. He argues that his house arrest while awaiting *356 trial on federal charges should be considered involuntary unemployment for purposes of calculating child support. He also argues that remand is necessary for an evidentiary hearing and for the superior court to enter findings of fact and conclusions of law. Because we conclude that the father made a prima facie showing of a substantial change in circumstances that would entitle him to an evidentiary hearing, we remand to the superior court to conduct an evidentiary hearing.
II. FACTS AND PROCEEDINGS
A. Facts
Matthew Schwier and Audrey Magee-Davey (formerly Schwier) were married in 2004 in Arizona. They have two children, born in 2006 and 2010. In February 2016 the superior court granted their petition for dissolution of marriage and approved their parenting agreement, which provided for shared legal custody and alternating weeks of physical custody. Audrey was ordered to pay child support based on the guidelines in Alaska Civil Rule 90.3, which governs child support calculations.[1] In January 2017 Audrey moved to modify custody and support, and in April 2017 the court partially granted her motion on the record, awarding her sole legal custody but leaving in place the existing physical custody arrangement.
B. Proceedings
1. Child in Need of Aid case, federal criminal case, and interim support order
Shortly after the court issued its April 2017 custody order, the Office of Children's Services (OCS) removed the children from Matthew's home and filed emergency Child in Need of Aid (CINA) petitions.[2] The court granted temporary custody to OCS, which placed the children with Audrey.[3]
Shortly after the CINA proceedings began, Audrey moved to stay her child support obligation because the OCS placement had given her primary physical custody. In response Matthew filed an income affidavit along with recent pay stubs and his 2016 tax return.[4] The court granted Audrey's motion to stay her child support payments while the CINA cases were pending and ordered the parties to file updated income affidavits, though it does not appear that either parent did. In late August 2017 the court issued an interim child support order requiring Matthew to pay $2,422.05 per month. The court also ordered Audrey's January 2017 motion to modify custody and support to be held in abeyance until the CINA cases either addressed custody or were dismissed.
Apparently around the same time as the CINA proceedings began, a federal grand jury began investigating allegations that Matthew had committed federal crimes. The grand jury returned an indictment in September, charging him with a number of federal offenses. By at least September 2017 the federal court had ordered Matthew's house arrest as a pretrial release condition. Shortly afterward Matthew resigned from his job as a law enforcement officer for the Chickaloon Tribal Police Department.
2. Matthew's motions to modify support
a. November 2017 motion
In November 2017 Matthew moved to modify interim child support, arguing that his "house arrest pursuant to federal charges" had resulted in a "substantial reduction" in his income. He did not file a new *357 income affidavit with his motion, attaching only a printout of an updated child support estimate. He stated that because he was not working, his only income was the $5,722 he expected to net from his rental properties that year.
Audrey partially opposed Matthew's motion to modify support, pointing out that he had not provided the required tax returns or other documents to support his claimed rental income.[5] In late November Matthew replied that he had "fully explained and documented" his rental income; he attached an affidavit itemizing expenses on his rental properties as well as mortgage statements and invoices for those expenses.
In December the superior court denied Matthew's motion without prejudice based on the lack of documentation supporting modification. The court found that Matthew was "relying heavily [on] predictions of business loss" that the court considered "speculative." The court instead based its child support calculation on Matthew's May 2017 income affidavit and its accompanying documentation. The court stated that his failure to file an updated affidavit left it without "sufficient evidence to justify modification" or to "make informed calculations" of his income and support obligation. It also noted that Matthew had not addressed whether he was voluntarily or unreasonably unemployed or whether his loss of income was temporary.[6] The court thus concluded that Matthew was "merely temporarily unemployed or underemployed while ... under house arrest" and that such temporary unemployment did not justify reducing child support.[7]
In early January 2018 Matthew moved for reconsideration of the court's denial of his motion to modify child support. Audrey opposed, arguing that Matthew's reconsideration motion had confirmed the court's finding that he had failed to file an updated income affidavit and that his unemployment should be considered temporary based on his own stated expectation that he would be acquitted on the federal charges. The court denied reconsideration in late January.
In February 2018 the superior court granted Audrey sole legal and primary physical custody of the children and permitted her to move with them to Arizona. The court also issued a final child support order, apparently based on Matthew's May 2017 income affidavit, finding his adjusted annual income to be roughly $60,500 and ordering him to pay roughly $2,420 per month in child support.
b. May 2018 motion
In May 2018 Matthew again moved to modify child support. He argued that his house arrest was equivalent to incarceration; that "incarceration alone, regardless of length or permanency," was a substantial change in circumstances warranting modification; and that the court should consider him involuntarily unemployed and thus not liable for the full amount of child support ordered regardless of the circumstances underlying his house arrest. He filed an updated income affidavit along with mortgage statements from his rental properties and 2017 tax returns. The new affidavit showed an adjusted annual income of $12,978.20 from his rental properties and calculated a monthly child support payment of about $292.
Audrey opposed, arguing that there had been no change in circumstances since the February support order, as Matthew had already been under house arrest when the court issued that order. She also argued that he was not involuntarily unemployed because he could petition the federal court to amend his release conditions. Matthew replied, arguing that the federal court was unlikely to modify the "stringent bail conditions" it had *358 imposed and that he could not reasonably sell or liquidate any more assets to meet his child support obligations.
In June 2018 the superior court denied Matthew's motion to modify support without a hearing, stating only that "[b]ased on the pleadings of the parties, and this court being otherwise fully advised," it would deny the motion to modify.
Matthew appeals; Audrey does not participate in the appeal.
III. STANDARD OF REVIEW
In general, "[w]e review an award of child support for abuse of discretion."[8] But because "[w]e use our independent judgment to decide whether it was error not to hold an evidentiary hearing,"[9] we review de novo the question of "whether a moving party has made a prima facie showing sufficient to justify a custody or child support modification hearing."[10] "[W]e 'will affirm a denial of a modification motion without a hearing if, in our independent judgment, ... the allegations are so general or conclusory ... as to create no genuine issue of material fact requiring a hearing.' "[11]
IV. DISCUSSION
Alaska Civil Rule 90.3 provides for modification of a child support award upon a showing of a material change of circumstances.[12] A material change of circumstances is presumed if the amount as calculated under the rule differs by at least 15% from the existing amount of support ordered.[13] A court may deny a motion to modify without a hearing if the facts alleged in the motion would not justify modification even if proved or if the allegations present no genuine issue of material fact that would require a hearing.[14] But if the party seeking modification makes a prima facie showing that a change of circumstances has occurred, a hearing is required.[15]
Rule 90.3 also requires each parent in a child support proceeding to "file a statement under oath which states the parent's adjusted annual income and the components of this income"; a parent moving for modification must file this statement along with his or her initial motion to modify.[16] The rule requires that the statement "be accompanied by documentation verifying the income."[17]
Matthew argues that remand for a child support modification hearing is required because the superior court erred by denying his May 2018 motion to modify support "without comment and without findings of fact or conclusions of law." He argues that his motion presented sufficient evidence to establish a material change of circumstances.[18] He contends that the affidavits and documentation he provided demonstrated that his bail conditions were tantamount to incarceration and were long-lasting enough to be more than temporary, and thus constituted involuntary unemployment for purposes of Rule 90.3.[19]
We agree that Matthew's May 2018 motion established a prima facie case for a change of circumstances. His motion included an updated income affidavit as required, reporting an adjusted annual income of just under $12,980, far lower than the $50,995 adjusted annual income he had reported in May 2017. In an affidavit accompanying his reply to Audrey's opposition to his motion, he *359 stated that his federal trial had been postponed to October 2018, much later than the March trial date that was scheduled when the court issued its February 2018 child support order. It also appears that Matthew provided the superior court with a copy of his federal conditions of release, which imposed a "24-hour-a-day lock-down at [his] residence" except for court appointments and medical necessities. Matthew also filed a partial transcript from his bail hearing, in which the federal court found that he would pose a threat to public safety if "released under any conditions," indicating that his house arrest would last at least until his trial.
Whether or not this evidence would have been sufficient to justify modifying child support, it is enough to establish a prima facie case of a change of circumstances and therefore was enough to entitle Matthew to a hearing. Taken together, the affidavits and supporting documentation indicated that his income had changed by more than 15% and that the house arrest conditions preventing him from working were likely to persist at least for some months. It was therefore error for the superior court to deny his motion without a hearing.
We note that generally a change of circumstances is measured against the date of the most recent child support order,[20] and that in this case Matthew was already under house arrest when the court issued its February 2018 order. But where no prior order has considered the circumstances documented in the motion for modification, the court may examine those circumstances even if they existed at the time of the most recent order.[21] The February 2018 order made no mention of Matthew's house arrest, apparently relying instead on his 2017 tax returns to calculate income. Nor did the court make any findings that Matthew was unemployed, either voluntarily or involuntarily. Rather, given its finding that Matthew's adjusted annual income was roughly $60,500, the court seemed to assume that he was still working as a law enforcement officer or would be able to find comparable employment. The court did consider Matthew's claim that his house arrest prevented him from working when it denied his motion to modify interim child support in December 2017. However, the court's rejection of this claim was based not on its merits but on a lack of documentation, and was without prejudice, meaning that Matthew could re-file for modification. Thus, no previous order had considered the merits of Matthew's motion. Furthermore, a change of circumstances did occur subsequent to the February 2018 order: Matthew's federal trial date was postponed, substantially extending the duration of his house arrest. This, coupled with the other documentation he provided, was sufficient to entitle him to a hearing.
Because the superior court's June 2018 order contained no findings on whether Matthew's house arrest was sufficiently restrictive to constitute involuntary unemployment, we express no opinion on the merits of this argument. But we remind the superior court that on remand it must make findings sufficient to support meaningful appellate review.[22]
V. CONCLUSION
Matthew's May 2018 motion to modify child support presented a prima facie showing that a material change of circumstances had occurred. We therefore REVERSE the superior court's denial of the May 2018 motion to modify child support and REMAND for an evidentiary hearing to determine whether modification is warranted.

See Alaska R. Civ. P. 90.3(b) (providing guidelines for child support awards when parents share physical custody).

See AS 47.10.142 (governing emergency custody); CINA Rule 6 (same). The petitions were apparently based upon sexual abuse allegations that OCS later determined were not substantiated.

See AS 47.10.142 ; CINA Rule 6(b).

Civil Rule 90.3(e)(1) requires parents to report income and deductions for child support purposes:
[E]ach parent in a court proceeding at which child support is involved must file a statement under oath which states the parent's adjusted annual income and the components of this income as provided in subparagraph (a)(1). This statement must be filed with a party's initial pleading ..., motion to modify, and any response to a motion to modify. The statement must be accompanied by documentation verifying the income.

See Alaska R. Civ. P. 90.3(e)(1) ; Alaska R. Civ. P. 90.3 cmt. VIII(A) ("Suitable documentation of earnings might include paystubs, employer statements, or copies of federal tax returns.").

See Alaska R. Civ. P. 90.3(a)(4) (permitting court to award child support based on "potential income of a parent who voluntarily and unreasonably is unemployed or underemployed").

See Reilly v. Northrop , 314 P.3d 1206, 1214 (Alaska 2013) ("[N]ormally we will not modify child support due to temporary conditions."); Richardson v. Kohlin , 175 P.3d 43, 48 (Alaska 2008) ("[P]arents going through what appear to be temporary periods of unemployment can be expected to maintain their support obligation by using assets[;] ... ordinarily support should not be modified for temporary reductions in income.").

Geldermann v. Geldermann , 428 P.3d 477, 482 (Alaska 2018) (quoting Limeres v. Limeres , 320 P.3d 291, 295 (Alaska 2014) ).

Limeres v. Limeres , 367 P.3d 683, 686 (Alaska 2016) (quoting Routh v. Andreassen , 19 P.3d 593, 595 (Alaska 2001) ).

Id. (quoting Hill v. Bloom , 235 P.3d 215, 219 (Alaska 2010) ).

Id. (alterations in original) (quoting Hill , 235 P.3d at 219 ).

Alaska R. Civ. P. 90.3(h)(1).

Id.

See Limeres , 367 P.3d at 686.

See Wilhour v. Wilhour , 308 P.3d 884, 888-89 (Alaska 2013) (holding that superior court erred by declining to hold hearing on support modification motion because genuine issues of fact existed).

Alaska R. Civ. P. 90.3(e)(1).

Id.

See Alaska R. Civ. P. 90.3(h)(1).

See Alaska R. Civ. P. 90.3(a)(4).

See Burrell v. Burrell , 696 P.2d 157, 161 (Alaska 1984) ("[A] modification of a [child] support order may be obtained only where there has been a material and substantial change in circumstances occurring subsequent to the original order." (second alteration in original) (quoting Curley v. Curley , 588 P.2d 289, 291 (Alaska 1979) )).

See Richardson v. Kohlin , 175 P.3d 43, 47 (Alaska 2008) (noting that change in circumstances need not occur after earlier order so long as "no prior order evaluated the circumstances presented in the [subsequent] motion for modification").

See id. at 48 ("Sufficient factual findings are required for imputing income or declining to impute income."); Olmstead v. Ziegler , 42 P.3d 1102, 1107 (Alaska 2002) ("The trial court is required to enter sufficiently detailed findings of fact to allow for meaningful appellate review.").