141 Nev., Advance Opinion 8

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

HOPE ANTOINETTE BACKMAN,
Appellant,
vs.
DANIEL MORRIS GELBMAN,
Respondent.

No. 86396-COA

FILED

FEB 13 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

Appeal from a district court order affirming a family court master's findings and recommendations in a child support matter. Second Judicial District Court, Family Division, Washoe County; Aimee Banales, Judge.

*Reversed and remanded.*

Brownstein Hyatt Farber Schreck, LLP, and William D. Nobriga, Emily L. Dyer, Emily A. Ellis, and Chelsee C. Jensen, Las Vegas, for Appellant.

Kemp Jones, LLP, and Katrina Stark and Nathanael R. Rulis, Las Vegas, for Respondent.

BEFORE THE COURT OF APPEALS, BULLA, C.J., and GIBBONS and WESTBROOK, JJ.

*OPINION*

By the Court, GIBBONS, J.:

Upon a request for review, a district court may modify a child support order only when it finds "a change in circumstances since the entry

COURT OF APPEALS
OF
NEVADA

(O) 1947B

25-06946

of the order and the modification is in the best interest of the child."[1] *Rivero v. Rivero*, 125 Nev. 410, 431, 216 P.3d 213, 228 (2009), *overruled in part on other grounds by Romano v. Romano*, 138 Nev. 1, 6, 501 P.3d 980, 984 (2022). Although the modification of a child support order is discretionary even if the district court finds changed circumstances, *id.* at 432, 216 P.3d at 228, NRS 125B.145(4) mandates the district court conduct a review of the child support order when the obligor parent experiences a 20-percent change in gross monthly income. In this case, we are asked to determine which child support order is the controlling order for purposes of calculating a 20-percent change in income when an original order has been entered and the amount of child support has remained unchanged over the course of multiple denials of motions to modify the order.

We hold that, for the purposes of determining changed circumstances under NRS 125B.145(4), the controlling order is the most recent substantive order setting forth the child support obligation and making findings regarding the respective incomes of the obligor and obligee parents, not any subsequent orders denying motions to modify child support. We also clarify that prima facie evidence is the standard to be applied to determine whether sufficient evidence exists as to changed circumstances to necessitate a substantive review of the motion to modify child support. Here, the district court did not use the correct controlling order when it affirmed the family court master's recommendation finding no change of circumstances. In addition, the court failed to substantively

[1]We originally resolved this appeal in an unpublished order. Appellant subsequently filed a motion to reissue the order as a published opinion and to clarify the amount and type of evidence needed to satisfy the changed circumstance rule. We grant the motion and replace our earlier order with this opinion. *See* NRAP 36(e).

review the child support order as required by NRS 125B.145(4) despite appellant's prima facie evidence establishing a 20-percent change in income. We therefore reverse the order denying the motion to modify child support and remand the matter to the district court.

*FACTS AND PROCEDURAL HISTORY*

Appellant Hope Antoinette Backman and respondent Daniel Morris Gelbman have litigated child support matters since not long after the birth of their child in 2013. From 2014 to 2019, Gelbman paid Backman between $731 and $858 per month in child support, depending on the district court order in place at the time. Gelbman retired from firefighting in 2019 at age 44 and began receiving benefits from the Public Employees' Retirement System (PERS). Subsequently he moved to modify child support based on a greater than 20-percent decrease in income pursuant to NRS 125B.145(4). At the May 2020 hearing on Gelbman's motion, Gelbman documented his reduced income, and Backman provided the family court master with the standard financial declaration required under WDCR 40(2), Venmo records pertaining to her self-employment as a house cleaner, and screenshots of her bank account balance. The master determined that these records were insufficient to determine Backman's income, imputed income to Backman equal to that of Gelbman, and set child support at zero as the parties shared joint physical custody.

The district court later denied Backman's objection to the master's findings and recommendations (MFR) and affirmed the MFR. Backman moved several times over the next few years to modify the child support order based on changed circumstances. In August 2020, Backman filed a motion to modify in which she claimed that the restrictions caused by the COVID-19 pandemic eliminated her employment, but she did not provide documentation in support of that assertion. In May 2021, Backman

again moved to modify based on a greater than 20-percent decrease in income but did not request a hearing or provide any proof of a decrease in income. Both of these motions were denied, and child support remained at zero.

In September 2022, Backman filed another motion to modify, this time alleging that Gelbman earned income from real estate rentals and sales and a substitute teaching job in addition to his retirement benefits. The master conducted a hearing concerning Backman's motion, and a deputy district attorney from the Washoe County District Attorney's Office family support division appeared at the hearing. Based on the financial declarations filed by Backman and Gelbman, the deputy district attorney opined that Gelbman should pay Backman $286 per month in child support. The master, however, was skeptical of Backman's claims about Gelbman's additional income streams as well as her claims about her own income. Despite the deputy district attorney's calculations, and without making any new income determinations, the master declined to modify the child support award and left it at zero. Backman filed an objection to the MFR, but the district court denied her objection in January 2023 and adopted the master's recommendations as an order.

In February 2023, Backman again moved to modify child support, this time asserting she was unemployed, on the verge of homelessness, and desiring to relocate. In advance of the hearing on the motion, Backman provided a financial statement, her 2022 income information, a profit and loss statement for 2022 for her housecleaning business, a text from her landlord stating that she was behind on rent, a letter from her auto loan servicer showing her past due amount, and a list of jobs to which she had applied. At the hearing on the motion, Backman

testified as to her financial issues and reiterated her claims about Gelbman's additional income from real estate rentals and sales. Backman tried to inform the master that she had "lost [her] job" cleaning houses, but the master interjected and stated that it was his turn to talk. The deputy district attorney also attempted to explain how the documents Backman provided demonstrated a greater than 20-percent decrease in income since the last hearing. However, the master again interjected, stated that there was no change of circumstances, and concluded the hearing.

The master subsequently issued an MFR in which he recommended denying the motion to modify. The MFR pointed out that Backman's motion was filed "a mere two weeks" after the district court order affirming the previous MFR; that Gelbman's rental income had been discussed at the previous hearing; and that Backman's motion to relocate, if granted, would result in a change of circumstances warranting review of child support. The MFR, however, did not determine Backman's current income and recommended that "the previous orders" setting child support at zero "remain in effect."

Backman timely objected to the MFR, stating, "[o]nce the Court Master was informed that there was a 20 percent change in Obligee's income, pursuant to NRS 125B.145(4), he was required to move forward with the review hearing. His failure to do so was an abuse of discretion." The district court entered an order denying Backman's objection and affirming the MFR, finding that the master did not abuse his discretion by rejecting Backman's motion to modify the child support order. This appeal followed.

Backman argues that the master abused his discretion in imputing income to her equal to that of Gelbman at the May 2020 hearing,

which resulted in an award of zero child support. She further argues that the master compounded this error by leaving child support at zero over the course of subsequent hearings despite evidence of changed circumstances since May 2020. Backman finally argues that the master should have conducted a substantive review of the child support order pursuant to NRS 125B.145(4) at the March 2023 hearing, as she had presented evidence of a greater than 20-percent decrease in income at that hearing. Gelbman argues that this court cannot review any possible errors made at the May 2020 hearing, or in the corresponding MFR and district court order, because Backman did not identify that order in her notice of appeal, and such an appeal from the 2020 order would have been untimely regardless. Gelbman contends that, because the March 2023 MFR and corresponding district court order is the only order identified in her notice of appeal, Backman bore the burden of showing changed circumstances, particularly in the two weeks between the January 2023 district court order affirming the December 2022 MFR and her February 2023 motion to modify.[2]

*ANALYSIS*

Orders regarding child support are reviewed for abuse of discretion. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543

---

[2]Gelbman also devotes much of his answering brief to arguments that the supreme court already rejected when denying his motion to dismiss this appeal. For example, Gelbman argues that the March 2023 MFR and corresponding district court order was not a "final judgment" under NRAP 3A(b)(1), that Backman was not an aggrieved party under NRAP 3A(a), and that a March 2024 child custody order renders this appeal moot. Because the supreme court specifically rejected these arguments, *see Backman v. Gelbman*, Docket No. 86396 (Order Denying Motion, July 22, 2024), we decline to address them here as those decisions are now the law of the case. *See Recontrust Co. v. Zhang*, 130 Nev. 1, 7-8, 317 P.3d 814, 818 (2014).

(1996). An abuse of discretion occurs when findings are not supported by substantial evidence. *Rivero*, 125 Nev. at 428, 216 P.3d at 226. "Although this court reviews a district court's discretionary determinations deferentially, deference is not owed to legal error, or to findings so conclusory they may mask legal error." *Davis v. Ewalefo*, 131 Nev. 445, 450, 352 P.3d 1139, 1142 (2015) (internal citations omitted).

"[T]he district court only has authority to modify a child support order upon finding that there has been a change in circumstances since the entry of the order and the modification is in the best interest of the child." *Rivero*, 125 Nev. at 431, 216 P.3d at 228. A 20-percent change in the gross monthly income of a party subject to a child support order constitutes changed circumstances requiring a review for modification of child support. NRS 125B.145(4); *see also Rivero*, 125 Nev. at 432, 216 P.3d at 228 (stating "a change of 20 percent or more in the obligor parent's gross monthly income requires the court to review the support order").

Gelbman is correct that Backman did not identify the May 2020 MFR and the district court order affirming it in her notice of appeal and she did not timely appeal that decision. *See* NRAP 4(a)(1) (stating timely appeals are those filed within 30 days from when the written notice of entry of order or judgment is served). Thus, we cannot review that order or subsequent untimely appealed orders for abuse of discretion. *See id.*; *Collins v. Union Fed. Sav. & Loan Ass'n*, 97 Nev. 88, 89-90, 624 P.2d 496, 497 (1981) (stating that appellate courts will generally not consider any order on appeal that is not included in a notice of appeal unless, among other things, "the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice"). However, the supreme court has held that when reviewing a motion to modify a child support

order, we must determine if "there has been a change in circumstances since the entry of the order."[3] *Rivero*, 125 Nev. at 431, 216 P.3d at 228.

Here, the controlling order is the May 2020 order affirming the master's first MFR because it was the last substantive order that made findings concerning Backman's and Gelbman's incomes and the district court never modified the order. *Cf. id.* (explaining that parties to a child custody case will not be granted a custody modification by the filing of repetitive motions but must rather show a substantial change in facts and circumstances upon which the district court based the challenged custody order); *see also Myers v. Haskins*, 138 Nev. 553, 563-64 & n.15, 513 P.3d 527, 536-37 & n.15 (Ct. App. 2022) (noting that repetitive, insubstantial motions to modify child custody can be rejected without an evidentiary hearing); *Smith v. Rideout*, 1 A.3d 441, 444-45 (Me. 2010) (explaining that the controlling custody order for purposes of a motion to modify custody is the most recent order significantly affecting parental rights, which may or may not be the original order). While Backman did file multiple motions to modify child support within a short time period, her February 2023 motion did not seek to modify each previous denial of modification but rather sought modification of the May 2020 order from which her circumstances, i.e., her gross monthly income, had changed substantially.

The May 2020 order imputed income to Backman equal to Gelbman. At the time, Gelbman was receiving a $6,033 gross benefit from

---

[3]Gelbman's answering brief misstates the supreme court's holding in *Rivero* by adding the word "prior" in brackets between the words "the" and "order." To the extent that this represents an argument that the controlling order is the January 2023 district court order affirming the December 2022 MFR and not the May 2020 order affirming the May 2020 MFR, we reject this argument for the reasons that follow.

PERS each month and possibly an unspecified amount of income from rental properties he owned and investment accounts. Thus, the master imputed gross income to Backman to equal approximately $6,033 per month. At the March 2023 hearing, Backman provided the master with the financial declaration required by WDCR 40(2), her income information for 2022, and a profit-and-loss statement from 2022, along with other documents related to rent and debts owed. This was enough evidence to infer that Backman's income from cleaning houses had decreased by more than 20 percent since the imputation of income in May 2020.[4] Backman also testified at the brief 2023 hearing that she was only making $600-$800 per month at the time.

While courts are not required to hold evidentiary hearings on motions to modify child support based on mere allegations, the court is required to conduct a substantive review of the child support order when some credible evidence supports the request for relief. *See generally* NRS 125B.145(4) (stating a change of 20-percent or more in gross monthly income shall be deemed changed circumstances requiring a review for modification of child support); *Rivero*, 125 Nev. at 431, 216 P.3d at 228.

However, NRS 125B.145(4) and Nevada caselaw do not describe the evidentiary standard that must be met to establish changed circumstances constituting a 20-percent decrease in income. Other states

---

[4]Additionally, as Backman argues, she experienced a significant reduction in income from cleaning houses between May 2020 and March 2023, as the COVID-19 public health emergency, which began in early 2020, lasted until May 11, 2023. *See* Centers for Disease Control and Prevention, *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration* (May 5, 2023), https://stacks.cdc.gov/view/cdc/127908.

have applied the prima facie evidence standard to necessitate a hearing.[5] And our state has long used the prima facie evidence standard to determine if a hearing is necessary to decide a motion to modify child custody. *Rooney v. Rooney*, 109 Nev. 540, 542-43, 853 P.2d 123, 124-25 (1993); *see also Myers*, 138 Nev. at 556-57, 513 P.3d at 532 (describing prima facie evidence as the threshold necessary to justify an evidentiary hearing when a party seeks to modify child custody).

Specifically, prima facie evidence is that which demonstrates "adequate cause" for a hearing, transcending mere allegations, which, if proven, may permit inferences sufficient to establish bases for modifying an order. *Rooney*, 109 Nev. at 542-43, 853 P.2d at 124-25. As noted above, many other states use this test for child support matters, and we now clarify that the same test applies to determine changed circumstances to justify a review hearing under NRS 125B.145(4). We also note that, here, this was not a three-year review where no judicial discretion is involved in setting a child support review. *See* NRS 125B.145(1) (stating a child support order *must* be reviewed upon request of the Division of Welfare and Supportive Services, the district attorney, or a parent or legal guardian if three years have passed since the last order).

Backman's motion to modify requesting review of the child support order was supported by documentation, testimony, and logical

---

[5]*See, e.g., Schwier v. Schwier*, 446 P.3d 354, 358 (Alaska 2019); *Johnson v. Johnson*, 834 N.W.2d 812, 817 (Neb. Ct. App. 2013); *Ritchey v. Ritchey*, 920 N.Y.S.2d 105, 106 (App. Div. 2011); *Harris v. Harris*, 107 S.W.3d 897, 902 (Ark. Ct. App. 2003); *State ex rel. Boston v. Tuckness*, 958 S.W.2d 325, 326 (Mo. Ct. App. 1998); *Dorfman v. Dorfman*, 719 A.2d 178, 180 (N.J. Super. Ct. App. Div. 1998); *Smith v. Smith*, 606 So. 2d 897, 899 (La. Ct. App. 1992); *Horan v. Horan*, 464 So. 2d 224, 227 (Fla. Dist. Ct. App. 1985).

inference suggesting her income was not close to $6,000 per month. *See Metz v. Metz*, 120 Nev. 786, 793, 101 P.3d 779, 784 (2004) (explaining that gross monthly income includes income from any source, whether from traditional employment or not, and whether the parent is self-employed or not self-employed). She presented prima facie evidence of a reduction in employment resulting in earnings of less than $1,000 per month, plus other circumstances impacting her ability to work. Thus, under NRS 125B.145(4), changed circumstances were established.

Therefore, because the master was presented with prima facie evidence of Backman's more than 20-percent decrease in income, he was required to substantively determine whether modification of the support order was warranted. Notably, while presentation of evidence of a greater than 20-percent decrease in income requires a *review* of a child support order, it does not require *modification* of a child support order. *See Rivero*, 125 Nev. at 432-33, 216 P.3d at 228-29. The required review for potential modification entails considering the guidelines created by the Administrator of the Division of Welfare and Supportive Services of the Department of Health and Human Services. *See id.* at 433, 216 P.3d at 229; *see also* NRS 125B.080(2).[6] When considering the adjustment of a child support order, the court or master must evaluate, among other things, "[t]he relative income of both households"—not just the obligor's—and "[t]he obligor's ability to pay." NAC 425.150(1)(f), (h).

---

[6]When *Rivero* was decided, the statutory formula for setting and modifying child support was found in NRS 125B.070 and NRS 125B.080. Effective February 1, 2020, courts must now "apply the guidelines established by the Administrator of the Division of Welfare and Supportive Services of the Department of Health and Human Services pursuant to NRS 425.620" to establish and modify child support obligations. NRS 125B.080.

The master summarily found that there had not been a change of circumstances. He then ended the hearing and failed to conduct an appropriate review of the support order after presentation of prima facie evidence indicating Backman experienced a 20-percent-or-greater decrease in income. Because NRS 125B.145(4) required the master to review the child support order, the master abused his discretion by declining to conduct the statutorily mandated review, determine the current income of both parties, and apply the proper child support guidelines. In light of the foregoing, we conclude that the district court abused its discretion in affirming the family court master's findings and recommendations.[7]

## CONCLUSION

We hold that for the purposes of calculating a 20-percent change in income pursuant to NRS 125B.145(4), the controlling child support order is the most recent substantive order setting the amount of the child support and making a finding about the obligor and obligee parents' respective incomes, regardless of any subsequent denials of motions to modify. The family court master abused his discretion by not using the May 2020 controlling order when determining whether to conduct a substantive review of Backman's motion to modify child support. Further, Backman presented sufficient evidence to show a 20-percent-or-greater decrease in gross monthly income since the entry of the May 2020 order at the hearing

---

[7]Backman also argues that the master abused his discretion by failing to provide specific findings supporting his decision to deviate from the child support calculation formula found in NAC 425.140(1). Because the master imputed income to Backman in 2020, there is no deviation from the formula as both parties had equal income and they shared joint physical custody. Therefore, there was no computation to be made—each parent's income offsets the other. Thus, this argument provides no basis for relief.

on her February 2023 motion, necessitating a full hearing. Thus, the master abused his discretion by declining to review that order and make findings as to whether Backman's evidence showing she sustained a 20-percent decrease in gross monthly income justified a modification of the child support order, and the district court erred when it affirmed the master's recommendation concerning the same. We therefore reverse the order of the district court and remand for proceedings consistent with this opinion.

_____, J.
Gibbons

We concur:

_____, C.J.
Bulla

_____, J.
Westbrook

COURT OF APPEALS
OF
NEVADA

(O) 1947B